

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK CRAIG, | ) | |
| | ) | |
| Plaintiff | ) | No. 08 C 2275 |
| | ) | |
| vs. | ) | Judge Wayne Andersen |
| | ) | |
| THE CITY OF CHICAGO, et al, | ) | Magistrate Judge |
| | ) | Arlander Keys |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Plaintiff Frank Craig's Motion to Compel the production of eight open Complaint Registers ("CRs"). Defendants have agreed to produce three of those CRs, but argue that the Court should deny Plaintiff's motion with respect to the remaining five CRs, because the law enforcement investigative privilege protects these open investigative files from disclosure. For the reasons set forth below, the Plaintiff's Motion is GRANTED.

### Background Discussion

Plaintiff has submitted numerous requests and three motions to compel in an attempt to discover CR #s 302994, 311881, 1024035, 1022718, 1016788, 1022822, 1019264, and 1027577. Defendants have refused to produce these files, arguing that they are protected by the law enforcement investigative privilege. The Court directed Defendant to submit a brief in support of its assertion that the privilege applied.

Instead, the City submitted a brief on behalf of the Independent Police Review Authority ("IPRA") and the Chicago Police Department's Internal Affairs Division ("IAD"), neither of which is a party to this suit, without seeking leave of Court[1]. In the brief, these non-parties conceded that they had no objection to producing CR #s 302994, 311881, and 1024035. However, they object to producing the remaining files.

## DISCUSSION

Under the Federal Rules of Civil Procedure, courts should permit "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information sought to be discovered need not be admissible at trial; rather, it is enough that "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Plaintiff argues that the sought-after CR files are clearly relevant to his § 1983 case; a claim well supported by caselaw. *See, e.g. Vodak v. City of Chicago*, 2004 WL 1381043, at *5 (N.D. Ill. 2004) ("Numerous courts have held that the personnel files and complaint histories of defendant officers are relevant

---

[1] In light of the Court's decision to grant Plaintiff's Motion to Compel, the Court will not address the City's questionable decision to forgo submitting its own Response– as it was ordered to do by the Court– and to instead submit a brief on behalf of non-parties without leave of Court.

in § 1983 actions involving police misconduct, particularly where, as here, plaintiffs allege a *Monell* policy, practice and custom claim against the municipality.") The Court agrees that the CR files that Plaintiff seeks are relevant to his claim that the Individual Defendant Officers engaged in a pattern of abuse and that the City failed to properly investigate these claims.

But relevancy alone does not entitle Plaintiff to discovery. Rule 26's presumption in favor of discovery may be overcome by the existence of a privilege. In response to Plaintiff's Motion to Compel, the IPRA and the IAD argue that the withheld information is protected by the law enforcement investigative privilege.

The law enforcement investigative privilege is a "qualified privilege." *Kampinen v. Individuals of Chicago Police Dep't*, No. 00 C 5867, 2002 WL 238443 at *4 (N.D. Ill. Feb. 19, 2002). Its purpose "is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *Lewis v. City of Chicago*, No. 04 C 3904, 2004 WL 2608302 at *1 (N.D. Ill. Nov. 16, 2004) (quoting *In re Dept. of Investigation of New York*, 856 F.2d 481, 485 (2d Cir.1988)).

"The party claiming the privilege . . . bears the burden of justifying application of the privilege." *Doe v. Hudgins*, 175 F.R.D. 511, 514 (N.D. Ill. 1997). In determining whether the movant has satisfied this burden, the court balances "the need of the litigant who is seeking privileged investigative materials-against the harm to the government if the privilege is lifted." *Id.* at **1-2.

Before the Court applies the balancing test, however, certain threshold procedural requirements must be satisfied. Specifically, "'the responsible official in the [governmental] department [asserting the privilege] must lodge a formal claim of privilege, after actual personal consideration, specifying with particularity the information for which protection is sought, and explain why the information falls within the scope of the privilege.'" *Lewis*, 2004 WL 2608302, at *2 (quoting *Pontarelli Limousine, Inc. v. City of Chicago*, 652 F.Supp. 1428, 1431 (N.D. Ill. 1987)).

In this case, neither the Defendants nor the IPRA and IAD have made any effort to satisfy this requirement. The IPRA and IAD assert this privilege in their Response to Plaintiffs' Motion to Compel, without submitting a privilege log or lodging a formal claim of privilege.

In *Lewis*, the court addressed a similar set of facts. There, the plaintiff sought to compel production of a C.R. file

that was part of an underlying criminal investigation. *Id.* at 2. The defendants raised the law enforcement investigatory privilege for the first time in their opposition brief. *Id.* The court concluded that the defendant's failure to provide "evidence indicating that a 'responsible official' ha[d] determined that the privilege [wa]s applicable" or "an explanation from such an official about why the information in the CR file falls within the scope of the privilege," barred the defendant from asserting the privilege. *Id.*

This case poses a similar problem. The IAD and IPRA asserted the privilege in their brief without providing any evidence that a "responsible official" had ever assessed the C.R.s in question, and without explaining- as opposed to generalizing-- why specific documents within each of the open Crs need to be protected.

Caselaw in this district clearly delineates the necessary procedural requirements to assert such a privilege. In the past, this Court has granted the City leave to demonstrate that such procedural requirements have been fulfilled, and has even, on its own initiative, performed in camera reviews of files, but the Court is not inclined to repeatedly counsel the City regarding the proper way to comply with various legal requirements. Therefore, the Court finds that the Defendants' failure to properly assert the law enforcement investigative

5

privilege establishes a procedural bar to its assertion, and the Plaintiff's Motion to Compel should be granted.

## CONCLUSION

For the reasons set forth above, the Plaintiff's Motion to Compel the Production of CR #s 302994, 311881, 1024035, 1022718, 1016788, 1022822, 1019264, and 1027577 is GRANTED. Said files are to be produced within 10 days of the date of this Order.

Dated: February 8, 2010  ENTER:

ARLANDER KEYS
United States Magistrate Judge